## Callahan v. Automobile Banking Corporation

718

*H. Weintraub*, for plaintiff.

*Louis Shaffer*, for defendant.

COUGHLIN, J., February 28, 1936.—Automobile Banking Corporation recovered judgment and issued execution, levying upon alleged personal property of defendant therein. Prior to the sale, plaintiff herein claimed the goods subject to the levy. A rule for interpleader followed.

Claimant filed an answer to the rule for interpleader. It is this answer that defendant now excepts to, and he comes before us on a rule to show cause why said answer should not be stricken from the record and the sheriff directed to proceed with the execution. Section 4(1) of Rule XXX of our court rules provides that claimant's answer shall consist of a concise statement of the source of claimant's title. The disposition of this case is to every intent and purpose a proceeding to determine whether or not the rule for interpleader should be discharged or made absolute.

Claimant must show a good prima facie title against the execution creditor, otherwise the interpleader should be dismissed on the ground that there is no real bona fide claim to submit to a jury: Brown v. Cohen et ux., 18 Dauph. 565. To make this a prima facie case claimant must set forth how he derived title, rather than the mere statement that he did not derive it from the execution defendant: Halberstadt v. Progressive Printing Co., 2 Dist. R. 264.

The rule for interpleader is discharged and the sheriff permitted to proceed with the levy heretofore made, unless claimant amends showing full source of title in five days.